MICHAEL R. REESE (State Bar No. 206773)
mreese@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Tel:   212-643-0500
Fax:  212- 253-4272

*Attorneys for Plaintiffs*
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGGIE TSAN and ERICA WILDSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEVENTH GENERATION, INC.,<br><br>Defendant. | Case No. _____<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1.  Violation of the California Consumers Legal Remedies Act<br>2.  Violation of the California False Advertising Law<br>3.  Violation of the California Unfair Competition Law<br>4. Violation of the Florida Deceptive and Unfair Trade Practices Act<br>5. Breach of Express Warranty under Multiple State Warranty laws |

Plaintiffs Meggie Tsan and Erica Wildstein ("Plaintiffs") file this Class Action Complaint on behalf of themselves and others similarly situated, against Seventh Generation Inc. ("Defendant") demanding a trial by jury, and allege as follows:

## JURISDICTION

1.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiffs are citizen of the States of California and Florida and Defendant is a citizen of the State of Vermont; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

## VENUE

2.      Pursuant to 28 U.S.C. section 1391(d), venue is proper in this District because transactions giving rise to the claims occurred in San Mateo County, California.

## SUMMARY OF THE ACTION

3.      This is a proposed class action complaint brought on behalf of a "Nationwide Class", "California Class," a "Florida Class" and a "Multi-State Class," all defined below, of individuals who purchased Defendant's cleaning and personal care products labeled as "Seventh Generation" and "natural" ("Seventh Generation" or "Products" as defined below). Defendant falsely represents that the Products are "natural," when, in fact, they contain non-natural ingredients. This lawsuit seeks to enjoin Defendant's false and misleading practices and recover damages and restitution on behalf of the class under the applicable state laws.

4.      Defendant manufactures, markets, and sells "natural" cleaning supplies, paper products, and personal care products. Defendant professes that its products "are healthy solutions for the air, surfaces, fabrics, pets and people within

your home - and for the community and environment outside of it[1]."  To that end, Defendant describes itself as "a leading brand of green household and personal care products . . . we remain committed to creating products that are mindful solutions for pets, people, communities and the environment."[2]

5.   Defendant manufactures, markets, and sells twenty-three individual cleaning and personal care products (the "Products" or individually, "Product") that are deceptively labeled as "natural," despite containing non-natural ingredients. The following products all contain multiple synthetic and/or highly processed ingredients:

All Purpose Cleaner

Automatic Dishwasher Gel

Baby Foaming Shampoo & Wash

Baby Lotion

Baby Natural 4X Laundry Detergent

Baby Natural Laundry Stain & Spot Spray

Baby Shampoo & Wash

Bubble Bath

Glass & Surface Cleaner

Hand Soap

Laundry Powder

Liquid Fabric Softener

Natural 2X Concentrated Baby Laundry Liquid

Natural 4X Concentrated Baby Laundry Liquid

---

[1] Seventh Generation, http://www.seventhgeneration.com/about (last visited Jan. 15, 2015).
[2] Seventh Generation, http://www.seventhgeneration.com/sites/default/files/assets/pdf/SeventhGeneration_Backgrounder.pdf.

Natural 2X Concentrated Liquid Laundry Detergent

Natural 4X Concentrated Liquid Laundry Detergent

Natural Bottle & Dish Liquid

Natural Dish Liquid

Natural Dish Liquid – Hand Care Formula

Natural Laundry Detergent Packs

Natural Laundry Stain Remover

Natural Nursery & Toy Cleaner

Shower Cleaner

6.     The word "natural" is prominently displayed on the front label of each and every Products' packaging.

7.     To the detriment of the consumer, the Products are not, in fact, "natural."  All of the Products contain at least one or more of the following non-natural ingredients: benzisothiazolinone, methylisothiazolinone, laureth-6, sodium lauryl sulfate, lauramine oxide, sodium citrate, glycerin, and sodium hydroxide.

8.     As guidance of what a reasonable consumer may think is "natural," the United States Department of Agriculture ("USDA") in the United States Code of Federal Regulations ("US CFR") specifically classifies the following ingredients as synthetic substances:[3] sodium citrate; glycerin; and sodium hydroxide.

9.     As further guidance of what a reasonable consumer may think is "natural," the Natural Products Association ("NPA"), a respected industry trade group, refuses to certify as "natural" any products that contain: laureth-6 or sodium lauryl sulfate—ingredients found in Defendant's "natural" Products.

---

[3] 7 C.F.R. §205.605(b).

10.     Furthermore, in an obscure document on its website, Defendant admits that benzisothiazolinone and methylisothiazolinone are synthetic.[4]

11.     To label the Products as "natural" creates consumer deception and confusion.   A reasonable consumer purchases the Products believing they are "natural" based on the Products' labeling. However, a reasonable consumer would not deem the Products "natural" if he/she knew that the ingredients contained in the Products are synthetic, highly processed and/or non-natural.

12.     Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiffs, and every other member of the Classes, at every point of purchase and consumption.

## PARTIES

13.     Plaintiff Maggie Tsan is a citizen of California, residing in San Mateo County, California. During the class period, Plaintiff Tsan purchased Seventh Generation's Natural 2X Concentrated Liquid Laundry Detergent, Natural 4X Concentrated Liquid Laundry Detergent, and All Purpose Cleaner. Plaintiff Tsan purchased the Products because she believed they were natural products. Plaintiff Tsan believes that natural products do not contain synthetic, highly processed, and/or non-natural ingredients. Plaintiff Tsan would not have spent money and purchased Defendant's Products had she known that they were not natural. However, if Defendant's labeling was truthful, Plaintiff Tsan would have continued purchasing the Products.

14.     Plaintiff Erica Wildstein is a citizen of Florida, residing in Broward County Florida. During the class period, Plaintiff Wildstein purchased Seventh Generation's Natural Dish Liquid and Natural Dish Liquid – Hand Care Formula

---

[4] Seventh Generation, http://www.seventhgeneration.com/ingredients (last visited Nov. 17, 2014).

from Publix and Target in Cooper City, Florida. Plaintiff Wildstein purchased the Products because she believed they were natural products. Plaintiff Wildstein believes that natural products do not contain synthetic, highly processed, and/or non-natural ingredients. Plaintiff Wildstein would not have spent money and purchased Defendant's Products had she known that they were not natural. However, if Defendant's labeling was truthful, Plaintiff Wildstein would have continued purchasing the Products.

15.     Defendant Seventh Generation ("Defendant") is a corporation organized under the laws of the State of Vermont, with its principal place of business at 60 Lake Street, Burlington, VT 05401.  Seventh Generation is thus a citizen of the State of Vermont.

## SUBSTANTIVE ALLEGATIONS

**A.     Defendant deliberately deceives consumers by falsely labeling the Products as "Natural."**

16.     Each year consumers purchase billions of dollars' worth of "natural" products.  In 2009, U.S. consumers purchased $10.9 billion worth of natural/organic personal care and household products; up from $10.4 billion in 2008.[5] Given this strong demand for "natural" products, it is not surprising that Defendant would label the Products as "natural."

17.     Defendant is a producer and marketer of household cleaners, paper products and personal care products.

_____

[5] Natural Products Association, http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8.

18.   In order to capture this growing market, Defendant has developed an extensive line of "natural" products and considers itself to be a "leading brand of household and personal care products."[6]

19.   Each and every one of the Products prominently professes that it is "natural" on the front label.  (*See*, Exs. 2 & 5.)

 

**B.**     **Defendant's intent to falsely persuade consumers that the Products are natural is confirmed on its website.**

30.   Defendant's marketing of the Products on the Seventh Generation website, http://www.seventhgeneration.com/, highlights the Products' alleged "natural" quality.

31.   The Seventh Generation website makes numerous representations to bolster Defendant's claims that the Products are "natural." These representations include, but are not limited to, the following:

---

[6] Seventh Generation, http://www.seventhgeneration.com/sites/default/files/assets/pdf/SeventhGeneration_Backgrounder.pdf.

a. A link to a video entitled "natural fragrances from Seventh Generation;"[7]

b. A scrolling banner entitled "Our Values," with one panel stating "Nurture Nature: Nature got it right. We know it. That's why we aspire to design products from plants not petroleum, from fields not factories."[8]

c. "Natural dish detergent: Get sparkling results from plants, not petroleum;"[9] and

d. "Our natural laundry detergents hang wash-day worries out to dry!"[10]

32. Thus, Defendant's marketing and website confirm its intent to create consumer belief that the Products are "natural."

**C. The Products are not natural because they contain synthetic, highly processed, and/or non-natural ingredients, and a reasonable consumer would not deem the Products to be "natural."**

33. Despite Defendant's labels and its representations regarding the "natural" quality of the Products, the truth is the Products are not "natural." Defendant uses multiple ingredients: benzisothiazolinone, methylisothiazolinone, laureth-6, sodium lauryl sulfate, lauramine oxide, sodium citrate, glycerin, and sodium hydroxide (in its products that do not meet the USDA, NPA and/or its own definition of "natural," and a reasonable consumer would not deem the Products natural.)

---

[7] Seventh Generation, http://www.seventhgeneration.com/.
[8] *Id.*
[9] Seventh Generation, http://www.seventhgeneration.com/dish-detergent.
[10] Seventh Generation, http://www.seventhgeneration.com/laundry-detergent.

34.    Using the USDA and NPA standards as guidance, reasonable consumer would not deem any of the Products containing these ingredients as "natural."

35.    Benzisothiazolinone ("BIT") is a synthetic preservative that is derived from either petroleum or natural gas and is therefore synthetic by its very nature.[11] BIT is used as an antimicrobial.[12] Seventh Generation admits that BIT is a synthetic preservative on its website, but fails to include this information on the packaging of its products.[13,14]

36.    Methylisothiazolinone (MIT) is derived from either petroleum or natural gas and is therefore synthetic by its very nature.[15] MIT is an EPA registered pesticide.[16] It is used to control slime-forming bacteria, fungi, and algae.[17] Seventh Generation admits, on its website, that MIT is a synthetic preservative.[18] It is produced through the chlorine-induced cyclization of 3.3'-dithiodipropionamides.[19]

---

[11] Seventh Generation, http://www.seventhgeneration.com/products/about.

[12] Scientific Committee on Consumer Safety, Opinion on Bexisothiazolinone 8 (2012), *available at* http://ec.europa.eu/health/scientific_committees/consumer_safety/docs/sccs_o_099.pdf.

[13] Seventh Generation, http://www.seventhgeneration.com/ingredients.

[14]   The following products contain BIT: All Purpose Cleaner; Automatic Dishwasher Gel; Baby Natural 4X Laundry Detergent; Baby Natural Laundry Stain & Spot Spray; Glass & Surface Cleaner; Hand Soap; Liquid Fabric Softener; Natural 2X Concentrated Baby Laundry Liquid; Natural 4X Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Bottle & Dish Liquid; Natural Dish Liquid; Natural Dish Liquid – Hand Care Formula; Natural Laundry Stain Remover; Natural Nursery & Toy Cleaner.

[15] Seventh Generation, http://www.seventhgeneration.com/products/about.

[16] EPA, R.E.D. Facts: Methylisothiazolinone (1998), *available at* http://www.epa.gov/oppsrrd1/REDs/factsheets/3092fact.pdf.

[17] *Id.*

[18] Seventh Generation, http://www.seventhgeneration.com/ingredients.

[19]   Mary Ann Liebert, Inc., *Final Report on the Safety Assessment of Methylisothiazolinone and Methylchloroisothiazolinone*, 11 J. of the Am. Coll. of

1   MIT is a known neurotoxin and is prohibited by the NPA from being included in

2   products that are certified as "natural."[20,21]

3        37.    Laureth-6 (also known as PEG-6 Lauryl Ether) is a synthetic chemical

4   that is produced through an extensive chemical process that involves reacting an

5   alkyl alcohol such as lauryl alcohol with a metal hydroxide such as potassium

6   hydroxide.[22] The product of this reaction is an alkoxide chain which is then reacted

7   with either ethoxide or propoxide and then the solution is mixed with hydrochloric

8   acid to stop the reaction[23]. This process is used to create many varieties of alkyl

9   PEG and PPG ethers.[24] This synthetic process has caused the NPA to ban Laureth-

10  6 from approved natural products.[25, 26]

11

12  Toxicology         75,         79         (1992),     *available*     *at*

13  http://legacy.library.ucsf.edu/documentStore/p/h/r/phr77d00/Sphr77d00.pdf

14  [20]Nat'l Prods. Ass'n, NPA Standard and Certification for Personal Care Products (2010), *available at*

15  http://www.npainfo.org/App_Themes/NPA/docs/naturalseal/The%20Natural%20S tandard%20041112%20final.pdf.

16  [21]  The following products contain MIT: All Purpose Cleaner; Automatic

17  Dishwasher Gel; Baby Natural 4X Laundry Detergent; Baby Natural Laundry Stain & Spot Spray; Glass & Surface Cleaner; Hand Soap; Liquid Fabric Softener;

18  Natural 2X Concentrated Baby Laundry Liquid; Natural 4X Concentrated Baby

19  Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Bottle & Dish Liquid; Natural

20  Dish Liquid; Natural Dish Liquid – Hand Care Formula; Natural Laundry Stain Remover; Natural Nursery & Toy Cleaner.

21  [22] Cosmetic Ingredient Review, Safety Assessment of Alkyl PEF-PPG Ethers as

22  Used in Cosmetics (2013), *available at* http://www.cir-safety.org/sites/default/files/PEG%20PPG%20ethers032013SLR.pdf.

23  [23] *Id.*

24  [24] *Id.*

25  [25] Nat'l Prods. Ass'n, NPA Standard andCertification for Personal Care Products (2010), *available at*

26  http://www.npainfo.org/App_Themes/NPA/docs/naturalseal/The%20Natural%20S tandard%20041112%20final.pdf.

27  [26] The following products contain Laureth-6: Baby Natural 4X Laundry Detergent;

28  Baby Natural Laundry Stain & Spot Spray; Laundry Powder; Natural 4X

38.     Sodium Lauryl sulfate ("SLS") is manufactured in a multi-step, non-natural process. First, the coconut oil fatty acids are reduced into lauryl alcohol.[27] Sulfur trioxide or chlorosulfonic acid is added to the lauryl alcohol by a sulfation process.[28] The mixture is then neutralized, often using sodium hydroxide, sodium carbonate, or sodium bicarbonate to form SLS.[29] The SLS is then purified with one or more solvents, such as n-butanol, diethyl ether, or ethanol.[30] Due to this extensive chemical processing, the USDA and FDA consider SLS to be a synthetic substance.[31,32]

39.     Lauramine oxide is synthesized by mixing the amine with hydrogen peroxide, then heating.[33] The chemical product is then mixed with either sodium

Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Laundry Detergent Packs; Natural Laundry Stain Remover; Natural Nursery & Toy Cleaner; Shower Cleaner.

[27] ICF Consulting for the USDA Nat'l Organic Program, *Technical Evaluation Report: Sodium Lauryl Sulfate* (2006), *available at* http://www.pharmsolutionsinc.com/docs/NationalOrganicProgramReportonSodiumLaurylSulfate.pdf.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*; *see also* Oral Health Care Drug Product for Over-the-Counter Human Use; Antigingivitis/Antiplaque Drug Products; Establishment of a Monograph; Proposed Rules, 68 Fed. Reg. 32232, 32263.

[32] The following products contain SLS: Baby Natural 4X Laundry Detergent; Natural 2X Concentrated Baby Laundry Liquid; Natural 4X Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Bottle & Dish Liquid; Natural Dish Liquid; Natural Dish Liquid – Hand Care Formula; Natural Laundry Detergent Packs.

[33] *Final Report on the Safety Assessment of Lauramine Oxide and Stearamin Oxide*, 13 J. Am. C. Toxicology 231, (1994), http://online.personalcarecouncil.org/ctfa-static/online/lists/cir-pdfs/pr87.pdf.

sulfate or manganese dioxide, and filtered.[34] The resulting product is the chemical composition lauramine oxide.[35] It is used in detergents as a surfactant.[36]

40. Sodium citrate is manufactured by the neutralization of citric acid with either synthetic potassium hydroxide or synthetic sodium hydroxide.[37] The resulting product of this chemical reaction is sodium citrate.[38] Due to its production from synthetic ingredients, it is classified by the USDA as a synthetic.[39,40]

41. On information and belief, the glycerin contained in the Products is manufactured through chemical processing. In the traditional alkali process, the natural fats and oils are hydrolyzed with a solution of sodium carbonate, sodium hydroxide, or potassium hydroxide.[41] This produces synthetic glycerin and fatty acids.[42] Due to this extensive processing, the US CFR lists glycerin as a synthetic substance.[43,44]

---

[34] *Id.*

[35] *Id.*

[36] The following products contain Lauramine Oxide: All Purpose Cleaner; Natural Bottle & Dish Liquid; Natural Dish Liquid; Natural Dish Liquid – Hand Care Formula.

[37] USDA, TAP Reviewer Comment Form: Potassium Citrate (1995), *available at* http://www.ams.usda.gov/AMSv1.0/getfile?dDocName=STELPRDC5068132.

[38] *Id.*

[39] 7 C.F.R. 205.605(b)

[40] The following products contain Sodium Citrate: Automatic Dishwasher Gel; Baby Natural 4X Laundry Detergent; Baby Natural Laundry Stain & Spot Spray; Laundry Powder; Natural 2X Concentrated Baby Laundry Liquid; Natural 4X Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Laundry Detergent Packs; Natural Laundry Stain Remover.

[41] Draco Natural Prods. to USDA, *Glycerin Petition*, , *available at* http://www.ams.usda.gov/AMSv1.0/getfile?dDocName=STELPRDC5101924.

[42] *Id.*

[43] 7 C.F.R. §205.605(b).

[44] The following products contain Glycerin: Automatic Dishwasher Gel; Baby foaming Shampoo & Wash; Baby Lotion; Baby Natural 4X Laundry Detergent; Baby Natural Laundry Stain & Spot Spray; Baby Shampoo & Wash; Bubble Bath; Hand Soap; Natural 2X Concentrated Baby Laundry Liquid; Natural 4X

42.     Sodium hydroxide is produced through the process of electrolysis of a solution of concentrated sodium chloride.[45] Through the process of electrolysis, chlorine gas is released and sodium hydroxide is left in solution.[46] Sodium hydroxide is commonly referred to as caustic soda or lye and is extremely caustic.[47] Because of the chemical reaction and processing used to synthesize sodium hydroxide, the USDA has declared sodium hydroxide to be synthetic.[48,49]

43.     Accordingly, a reasonable consumer would not deem the Products to be "natural."

44.     Thus, by labeling the Products as "natural," Defendant deceives and misleads reasonable consumers.

**D.      Reasonable consumers purchase the Products because they have been deceived to believe they are "natural."**

45.     Defendant's labeling of the Products as "natural" unequivocally demonstrates its intent to persuade consumers that the Products are "natural" because they contain only natural ingredients. However, the Products do not contain only natural ingredients. As described above, some of the ingredients are the result of complex, multi-step processes that involve the use of toxic chemicals.

---

Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent; Natural Bottle & Dish Liquid; Natural Dish Liquid; Natural Dish Liquid – Hand Care Formula; Natural Laundry Stain Remover.

[45] USDA, TAP Reviewer Comment Form: Sodium Hydroxide (1995), *available at* http://www.ams.usda.gov/AMSv1.0/getfile?dDocName=STELPRDC5068088 (last visited Aug. 29, 2013).

[46] *Id.*

[47] *Id.*

[48] 7 C.F.R. 205.605(b).

[49] The following products contain Sodium Hydroxide: Automatic Dishwasher Gel; Baby Natural 4X Laundry Detergent; Baby Natural Laundry Stain & Spot Spray; Natural 2X Concentrated Baby Laundry Liquid; Natural 4X Concentrated Baby Laundry Liquid; Natural 2X Concentrated Liquid Laundry Detergent; Natural 4X Concentrated Liquid Laundry Detergent.

CLASS ACTION COMPLAINT

The end products are substances which do not exist in nature, and which could not exist without the complex chemical processes described in Section C above.

46.     Defendant's advertising is so blatantly false that the Advertising Self-Regulatory Council (ASRC) - a program of the Council of Better Business Bureaus, issued a decision regarding Defendant's "natural" claims. The ASRC concluded that Defendant's

> . . . use of "natural" on the listed products should be qualified to explain that included surfactants are plant-derived or plant based. However, NAD [National Advertising Division] determined that the reference to "naturally" – in the context of the advertising at issue – be discontinued and that the advertiser avoids conveying the unsupported message that its product is all natural.[50]

47.     Despite the inclusion of synthetic and highly processed substances, Defendant labels and markets the Products as "natural."

48.     Reasonable consumers, including Plaintiff, purchased the Products based upon their belief that they are "natural."  However, a reasonable consumer would not deem the Products "natural" if he/she knew that they contained synthetic, highly processed and/or non-natural ingredients.

49.     Hence, Defendant's claims that the Products are "natural" are false and misleading.

50.     Defendant has profited enormously from its false and misleading marketing of the Products. Consumers either would not have purchased the Products had they known they were not "natural" or would have purchased a less expensive product. By way of example, Defendant currently sells 32 ounce bottle

---

[50] Advertising Self-Regulatory Council, Envtl. Dig., Aug. 24, 2010, at 8, *available at* http://www.asrcreviews.org/wp-content/uploads/2013/02/ASRC-Environmental-Claims-Digest-9-28-12-pdf.pdf.

of All Purpose Cleaner for $2.99.[51] Consumers can purchase a 32 ounce bottle of Scrubbing Bubbles® Heavy Duty All Purpose Cleaner for $2.49, or a 32 ounce bottle of Green Works All Purpose Cleaner for $2.84.[52]

## CLASS ALLEGATIONS

51.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiffs seek to represent the following classes:

A.    The "Nationwide Class," which consists of: All consumers with the United States who purchased the Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the Nationwide Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

B.    The "California Class," which consists of: All consumers within the State of California who purchased the Products during the applicable liability period for their personal use, rather than for resale or distribution. Excluded from the California Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial

---

[51] Target, http://www.target.com/p/seventh-generation-free-clear-all-purpose-natural-cleaner-32-oz/-/A-15172078#prodSlot=medium_1_2&term=seventh+generation+all+purpose (last visited Nov. 17, 2014).

[52] Target, http://www.target.com/p/scrubbing-bubbles-heavy-duty-all-purpose-cleaner-with-fantastik-32-oz/-/A-12972770#prodSlot=medium_1_8&term=all+purpose+cleaner (last visited Nov. 17, 2014); Target, http://www.target.com/p/green-works-all-purpose-cleaner-spray-32-oz/-/A-13027029#prodSlot=medium_1_12&term=all+purpose+cleaner (last visited Nov. 17, 2014).

1     officer to whom this lawsuit is assigned.

2     C.    The "Florida Class," which consists of: All consumers

3     within the State of Florida who purchased the Products

4     during the applicable liability period for their personal

5     use, rather than for resale or distribution. Excluded from

6     the Florida Class are Defendant's current or former

7     officers, directors, and employees; counsel for Plaintiffs

8     and Defendant; and the judicial officer to whom this

9     lawsuit is assigned.

10     D.    The "Multi-State Class," which consists of: All

11     consumers in Alaska, Arizona, Arkansas, California,

12     Colorado, Connecticut, Delaware, District of Columbia,

13     Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas,

14     Kentucky, Maine, Massachusetts, Minnesota,

15     Mississippi, Missouri, Montana, Nebraska, Nevada, New

16     Hampshire, New Mexico, New York, North Carolina,

17     North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania,

18     Rhode Island, South Carolina, South Dakota, Tennessee,

19     Texas, Utah, Vermont, Virginia, Washington, West

20     Virginia, or Wyoming who purchased the Products

21     during the applicable liability period for their personal

22     use, rather than for resale or distribution. Excluded from

23     the Multi-State Class are Defendant's current or former

24     officers, directors, and employees; counsel for Plaintiffs

25     and Defendant; and the judicial officer to whom this

26     lawsuit is assigned.

27

28

52.     The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

A.     Numerosity: The members of each class are so numerous that joinder of all members is impracticable.  While the exact number of class members is presently unknown to Plaintiffs, based on Defendant's volume of sales, Plaintiffs estimate that each class numbers in the thousands.

B.     Commonality: There are questions of law and fact that are common to the class members and that predominate over individual questions. These include the following:

      i.     Whether Defendant materially misrepresented to the class members that the Products are "natural;"

      ii.     Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

      iii.     Whether Defendant's labeling, marketing, and sale of the Products constitutes an unfair, unlawful, or fraudulent business practice;

      iv.     Whether Defendant's labeling, marketing, and sale of the Products constitutes false advertising;

      v.     Whether Defendant's conduct described above constitutes a breach of warranty;

      vi.     Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

      vii.     The appropriate remedies for Defendant's conduct.

C.     Typicality: Plaintiffs' claims are typical of the claims of the class members because Plaintiffs suffered the same injury as the class members— i.e., Plaintiffs purchased the Products based on Defendant's misleading representations that the Products are "natural."

CLASS ACTION COMPLAINT
- 16 -

D.     Adequacy: Plaintiffs will fairly and adequately represent and protect the interests of the members of each class.   Plaintiffs do not have any interests that are adverse to those of the class members.   Plaintiffs have retained competent counsel experienced in class action litigation and intend to prosecute this action vigorously.

E.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.   Since the damages suffered by individual class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

53.     The prerequisites for maintaining a class action for injunctive or equitable relief under Federal Rule of Civil Procedure 23(b)(2) are met because Defendant had acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

### FIRST CAUSE OF ACTION
**Violation of the Magnuson-Moss Warranty Act,**
**15 U.S.C. § 2301, et seq.**
**(Brought on Behalf of the Nationwide Class)**

54.     Plaintiffs incorporate the above allegations above by reference as though fully set forth herein.

55.     Plaintiffs bring this claim individually and on behalf of the other members of the Nationwide Classes.

56.     The Magnuson-Moss Warranty Act provides a federal remedy for

CLASS ACTION COMPLAINT
- 17 -

consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.

57.    The Products are consumer products within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

58.    Plaintiffs and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

59.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) and (5).

60.    Defendant's written statements that the Products are "natural," as alleged herein, are statements made in connection with the sale of the Products that relate to the nature of the Products and affirm and promise that the Products are defect free, i.e., not incorporating unnatural ingredients, but rather incorporating only natural ingredients, and as such are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

61.    As alleged herein, Defendant has breached this written warranty by selling consumers the Products that, in fact, are not "natural" as warranted and thus do not conform to Defendant's written warranty, violating the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and causing Plaintiffs and the other members of the Classes injury and damage in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Violation of the California Consumers Legal Remedies Act – By the California Class)

62.    Plaintiff Tsan incorporates by reference the allegations set forth above.

63.    Plaintiff Tsan and the California Class members are "consumers" under the California Consumers Legal Remedies Act ("CLRA"), California Civil

Code section 1761(d).

64. The Products are "goods" under California Civil Code section 1761(a).

65. The purchases by Plaintiff Tsan and the California Class members of the Products are "transactions" under California Civil Code section 1761(e).

66. As alleged above, Defendant has violated California Civil Code sections 1770(a)(5), (a)(7), and (a)(9) by making false representations on the Product packaging and in marketing (as detailed herein) that the Products are "natural," when in fact they contain synthetic and/or highly processed ingredients, which are not natural.

67. Plaintiff Tsan and the California Class members relied on the representations by Defendant. Plaintiff Tsan and the California Class members would not have purchased the Products at the price offered if they had known that, contrary to Defendant's representations, the Products are not, in fact, natural. Plaintiff Tsan and the California Class members suffered damages equal to the purchase price of the Products.

68. CLRA SECTION 1782 NOTICE. On October 15, 2013, a CLRA demand letter was sent to Defendant that provided notice of Defendant's violation of the CLRA and demanded that Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and/or deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, a complaint would be filed seeking damages in accordance with the CLRA. Defendant has failed to comply with the letter. Accordingly, pursuant to California Civil Code section 1780(a)(3), Plaintiff Tsan, on behalf of herself and all other members of the California Class, seeks compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

69. Pursuant to California Civil Code sections 1780 and 1782, Plaintiff

Tsan and the California Class members seek damages in an amount to be proven at trial; an injunction to bar Defendant from continuing its deceptive advertising practices; and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**(Violation of the California False Advertising Law – By the California Class)**

70.    Plaintiff Tsan incorporates by reference the allegations set forth above.

71.    The California False Advertising Law ("FAL"), California Business and Professions Code section 17500 *et seq.*, makes it unlawful for a person, firm, corporation, or association to induce the public to buy its products by knowingly disseminating untrue or misleading statements about the products.

72.    Defendant's labeling and advertisings includes untrue and misleading statements that the Products are "natural." These representations were likely to deceive a reasonable consumer.  If consumers knew the true facts regarding the Products, as detailed in Section C of the Substantive Allegations above, they would not have purchased the Products.  Defendant knew, or reasonably should have known, that its representations concerning the Products are untrue and misleading, since they know how the Products and their ingredients are manufactured. Defendant made the representations at issue with the intent to induce Plaintiff Tsan and the California Class members to purchase the Products.  Plaintiff Tsan and the California Class members purchased the Products in reliance on the untrue and misleading representations by Defendant.

73.    Pursuant to California Business & Professions Code section 17535, Plaintiff Tsan and the California Class members seek restitution of the purchase price paid for the Products and an injunction barring Defendant from continuing its deceptive advertising practices.

**FOURTH CAUSE OF ACTION**
**(Violation of the California Unfair Competition Law –**
**By the California Class)**

74.    Plaintiff Tsan incorporates by reference the allegations set forth above.

75.    The California Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

76.    Defendant's conduct is unlawful because it violates the CLRA, the FAL, as well as California Health & Safety Code section 110660, which states: "Any food is misbranded if its labeling is false or misleading in any particular."

77.    Defendant's conduct is fraudulent because, as alleged in Section C of the Substantive Allegations above, Defendant's representations concerning the Products were false and misleading, and Plaintiff Tsan and the California Class members relied on those representations in purchasing the Products.

78.    Plaintiff Tsan and the California Class members have suffered injury in fact and lost money as a result of Defendant's conduct, since they purchased the Products in reliance on Defendant's misrepresentations and would not have purchased the Products if they had known the true facts about the Products.

79.    Pursuant to California Business and Professions Code section 17203, Plaintiff Tsan and the California Class members seek restitution of the purchase price paid for the Products, plus an injunction barring Defendant from continuing its deceptive advertising practices.

**FIFTH CAUSE OF ACTION**
**(Violation of the Florida Deceptive and Unfair Trade Practices Act – Fla.
State. § 501.201, *et seq.* – By the Florida Class)**

80.    Plaintiff Wildstein incorporates by reference the allegations set forth above.

81.    This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

82.    The stated purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

83.    Plaintiff Wildstein and the Florida Class members are "consumer[s]" as defined by Fla. Stat. § 501.203.

84.    The Products are "goods" within the meaning of FDUTPA.

85.    The sales of the Products at issue in this case were "consumer transaction[s]" within the scope of FDUTPA.

86.    Defendant is engaged in trade or commerce within the meaning of FDUTPA.

87.    Section 501.204(1), Florida Statutes, declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

88.    Defendant has violated FDUTPA by engaging in the unfair and deceptive business acts and/or practices, as set forth in detail above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

89.    Plaintiff Wildstein and the Florida Class have been aggrieved by Defendant's unfair and deceptive practices in that they paid more for the Products than they otherwise would have as a result of Defendant's representations.  Indeed,

Plaintiff Wildstein and the Florida Class purchased the Products in reliance on Defendant's false and misleading representations. Plaintiff Wildstein and the Florida Class would not have purchased the Products had they known that Defendant's representations were false.

90. Pursuant to Fla. Stat. § 501.211(1), Plaintiff Wildstein and the Florida Class seek a declaratory judgment and Court order enjoining the above-described wrongful acts and practices of Defendant, as well as for restitution and disgorgement.

91. Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiffs and the Class are entitled to damages, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Breach of Express Warranty – By the Multi-State Class)

92. Plaintiffs incorporate by reference the allegations set forth above.

93. Plaintiffs and the Multi-State Class members formed a contract with Defendant at the time they purchased the Products. As part of that contract, Defendant represented that the Products were "natural," as described above. These representations constitute express warranties and became part of the basis of the bargain between Plaintiffs and the Multi-State Class members, on the one hand, and Defendant, on the other.

94. Defendant made the above-described representations to induce Plaintiffs and the Multi-State Class members to purchase the Products, and Plaintiffs and the Multi-State Class members relied on the representations in purchasing the Products.

95. All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiffs and the other Multi-State Class members.

96. Defendant breached its express warranties about the Products because, as alleged above, the Products are not "natural." Defendant breached the following

state warranty laws:

A.     Alaska Stat. section 45.02.313;

B.     A.R.S. section 47-2313;

C.     A.C.A. section 4-2-313;

D.     Cal. Comm. Code section 2313;

E.     Colo. Rev. Stat. section 4-2-313;

F.     Conn. Gen. Stat. section 42a-2-313;

G.     6 Del. C. section 2-313;

H.     D.C. Code section 28:2-313;

I.     O.C.G.A. section 11-2-313;

J.     HRS section 490:2-313;

K.     Idaho Code section 28-2-313;

L.     810 ILCS 5/2-313;

M.     Ind. Code section 26-1-2-313;

N.     K.S.A. section 84-2-313;

O.     KRS section 355.2-313;

P.     11 M.R.S. section 2-313;

Q.     Mass. Gen. Laws Ann. ch. 106 section 2-313;

R.     Minn. Stat. section 336.2-313;

S.     Miss. Code Ann. section 75-2-313;

T.     R.S. Mo. Section 400.2-313;

U.     Mont. Code Anno. Section 30-2-313;

V.     Neb. Rev. Stat. section 2-313;

W.     Nev. Rev. Stat. Ann. section 104.2313;

X.     RSA 382-A:2-313;

Y.     N.J. Stat. Ann. section 12A:2-313;

Z.     N.M. Stat. Ann. section 55-2-313;

| | | |
|---|---|---|
| AA. | N.Y. U.C.C. Law section 2-313; |
| AB. | N.C. Gen. Stat. section 25-2-313; |
| AC. | N.D. Cent. Code section 41-02-30; |
| AD. | ORC Ann. section 1302.26; |
| AE. | 12A Okl. St. section 2-313; |
| AF. | Or. Rev. Stat. section 72-3130; |
| AG. | 13 Pa.C.S. section 2313; |
| AH. | R.I. Gen. Laws section 6A-2-313; |
| AI. | S.C. Code Ann. section 36-2-313; |
| AJ. | S.D. Codified Laws, section 57A-2-313; |
| AK. | Tenn. Code Ann. section 47-2-313; |
| AL. | Tex. Bus. & Com. Code section 2.313; |
| AM. | Utah Code Ann. section 70A-2-313; |
| AN. | 9A V.S.A. section 2-313; |
| AO. | Va. Code Ann. section 59.1-504.2; |
| AP. | Wash. Rev. Code Ann. section 62A.2-313; |
| AQ. | W. Va. Code section 46-2-313; |
| AR. | Wyo. Stat. section 34.1-2-313. |

97.     As a result of Defendant's breaches of express warranty, Plaintiffs and the other members of the Multi-State Class were damaged in the amount of the purchase price they paid for the Products, in amounts to be proven at trial.

98.     Within a reasonable time after they knew or should have known of such breach, Plaintiffs, on behalf of themselves and the other members of the Multi-State Class, placed Defendant on notice thereof.

1

**<u>PRAYER FOR RELIEF</u>**

2      WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly

3 situated, pray for judgment against Defendant as follows:

4      A.      For an order enjoining Defendant from continuing the unlawful

5 practices set forth above;

6      B.      For an order requiring Defendant to disgorge and make restitution of

7 all monies Defendant acquired by means of the unlawful practices set forth above;

8      C.      For compensatory damages according to proof;

9      D.      For punitive damages according to proof;

10      E.      For reasonable attorneys' fees and costs of suit;

11      F.      For pre-judgment interest; and

12      G.      For such other relief as the Court deems proper.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
- 26 -

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiffs hereby demand trial by jury on all claims so triable.

3   Date:  January 14, 2015          Respectfully submitted,

4                                            **REESE RICHMAN, LLP**

5

6                                            */s/ Michael R. Reese*

7                                            Michael R. Reese (State Bar No. 206773)
                                             *mreese@reeserichman.com*

8                                            875 Avenue of the Americas, 18th Floor
                                             New York, New York 10001

9                                            Telephone: (212) 643-0500

10                                           Facsimile:  (212) 253-4272

11

12                                           **HALUNEN LAW**
                                             Melissa Wolchansky

13                                           *Wolchansky@halunenlaw.com*
                                             Charles D. Moore

14                                           *Moore@halunenlaw.com*
                                             1650 IDS Center

15                                           80 S 8th Street

16                                           Minneapolis, MN 55402

17                                           Telephone: 612.605.4098
                                             Facsimile: 612.605.4099

18

19                                           **TYCKO & ZAVAREEI LLP**
                                             Jeffrey D. Kaliel, *pro hac vice to be filed*

20                                           *Jkaliel@tzlegal.com*

21                                           2000 L Street, N.W., Suite 808
                                             Washington, D.C. 20036

22                                           Telephone: (202) 973-0900

23                                           Facsimile: (202) 973-0950

24                                           ***ATTORNEYS FOR PLAINTIFFS***

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

