1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   MAGGIE TSAN, et al.,

Case No.  15-cv-00205-JST

Plaintiffs,

8

9   v.

**ORDER DENYING MOTION TO TRANSFER VENUE**

10  SEVENTH GENERATION, INC.,

Re: ECF No. 18

Defendant.

11

12          Before the Court is Defendant Seventh Generation, Inc.'s Motion to Transfer Venue.  ECF

13  No. 18.  For the reasons set forth below, the Court will deny the motion.

14  **I.      BACKGROUND**

15          On January 14, 2015, Plaintiffs Maggie Tsan and Erica Wildstein filed this putative class

16  action on behalf of a "Nationwide Class," a "California Class," a "Florida Class," and a "Multi-

17  State Class" against Defendant Seventh Generation, Inc. ("Seventh Generation"), alleging

18  violations of the California Consumers Legal Remedies Act, California False Advertising Law,

19  California Unfair Competition Law, Florida Deceptive and Unfair Trade Practices Act, and

20  multiple state warranty laws.  ECF No. 1.  Tsan is a citizen of California, residing in San Mateo

21  County, and Wildstein is a citizen of Florida, residing in Broward County.  Id. ¶¶ 13-14.  Seventh

22  Generation is a corporation organized under the laws of the State of Vermont, with its principal

23  place of business in Burlington, Vermont.  Id. ¶ 15.  Plaintiffs allege that Seventh Generation

24  falsely represents that certain cleaning and personal care products are "natural," even though they

25  contain non-natural ingredients.  Id. ¶ 3.  The lawsuit seeks to enjoin Defendant's allegedly false

26  and misleading practices, and to recover damages and restitution on behalf of the putative classes.

27  Id.

28          Another matter, Rapoport-Hecht v. Seventh Generation, Inc., No. 14-cv-9087, was filed in

United States District Court
Northern District of California

the Southern District of New York on November 14, 2014.  Declaration of Michelle Gillette, ECF No. 18-1, Ex. 1.  In that action, Plaintiff Tziva Rapoport-Hecht similarly alleges that although Seventh Generation represents that certain products are "natural," this "is in fact a material misrepresentation and deceptive business practice in violation of New York law and consumer protection statutes nationwide."  Id. ¶¶ 5-6.  She seeks to represent a class of all consumers in the United States who purchased the Seventh Generation products at issue.  Id. ¶ 1.

On February 27, 2015, Defendant Seventh Generation filed the instant motion seeking transfer of this action to the Southern District of New York, citing the well-established "first-to-file" rule, ECF No. 18, which "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court."  Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th Cir. 1991).  Plaintiffs oppose the motion.  ECF No. 30.

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  It places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

## III.    DISCUSSION

In considering a motion to transfer venue under 28 U.S.C. section 1404(a), the Court must first determine whether the action could have been brought in the target district.  Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  "An action may not be transferred to a district where venue would have been improper if it had originally been filed there."  Trend Micro Inc. v. RPost Holdings, Inc., No. 13-cv-05227-WHO, 2014 WL 1365491, at *4 (N.D. Cal. Apr. 7, 2014).  A defendant's consent to the transfer is irrelevant, because the "power of a District Court under

United States District Court
Northern District of California

2

United States District Court
Northern District of California

section 1404(a) to transfer an action to another district is made to depend not upon the wish or

waiver of the defendant but, rather, upon whether the transferee district was one in which the

action might have been brought by the plaintiff." Commercial Lighting Prods. Inc. v. U.S. Dist.

Court, 537 F.2d 1078, 1079 (9th Cir. 1976) (quoting Hoffman, 363 U.S. at 343-44) (internal

quotation marks omitted).

Pursuant to the general venue statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). For purposes of the venue statute, corporate defendants like Seventh

Generation reside "in any judicial district in which such defendant is subject to the court's

personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In the

absence of a traditional basis for personal jurisdiction, a court has personal jurisdiction over a

foreign defendant if the defendant has "certain minimum contacts" with the forum such that the

court's power to bind the defendant would not "offend traditional notions of fair play and

substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation

marks omitted). Personal jurisdiction based on the minimum contacts analysis may be either

"general or all-purpose jurisdiction" or "specific or case-linked jurisdiction." Goodyear Dunlop

Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

Plaintiffs argue that the Southern District of New York could not establish specific

personal jurisdiction over Seventh Generation in this case because there is no connection between

Plaintiffs' claims and New York. ECF No. 30 at 9 (citing Goodyear, 131 S. Ct. at 2853). On

reply, Seventh Generation does not dispute that that the proposed transferee district would not

have specific personal jurisdiction over it in this case. It argues instead that specific personal

jurisdiction is "not strictly required," and that venue is proper in the Southern District of New

3

1     York because Seventh Generation is subject to general personal jurisdiction in that district.  ECF

2     No. 31 at 7-8.

3          The Court concludes that the Southern District of New York would have neither general

4     nor personal jurisdiction over Defendant Seventh Generation in this action.  "[A] court may assert

5     general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all

6     claims against them when their affiliations with the State are so continuous and systematic as to

7     render them essentially at home in the forum State."  <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 754

8     (2014) (internal quotation marks omitted).[1]  In these situations, "continuous corporate operations

9     within a state [are] so substantial and of such a nature as to justify suit against [a foreign

10    corporation] on causes of action arising from dealings entirely distinct from those activities."  <u>Id.</u>

11    Only in "an exceptional case" is general jurisdiction available outside a business's state of

12    incorporation or principal place of business.  <u>Id.</u> at 760-61 & n.19; <u>see also</u> <u>Petzilla, Inc. v. Anser</u>

13    <u>Innovation LLC</u>, No. 14-cv-1354, 2014 WL 4744434, at *3 (N.D. Cal. Sept. 23, 2014).  A

14    corporation's "continuous activity of some sorts within a state is not enough to support the

15    demand that the corporation be amenable to suits unrelated to that activity."  <u>Daimler</u>, 134 S. Ct. at

16    757; <u>see also</u> <u>id.</u> at 761 (a rule whereby a corporation is subject to general jurisdiction in every

17    state in which it "engages in a substantial, continuous, and systematic course of business" would

18    be "unacceptably grasping").

19         Seventh Generation states only that it "sells products in New York as well as many other

20    states" and that "New York is one of the many states in which putative class members reside and

21    purchased Seventh Generation products."  ECF No. 18 at 5 n.1; ECF No. 31 at 8-9.  These

22    generalized statements concerning continuous business activity do not establish that Seventh

23    Generation is "at home" in New York or that this is an "exceptional case" in which general

24    jurisdiction is available outside Seventh Generation's state of incorporation and principal place of

25    business in Vermont.  <u>See</u> <u>Daimler</u>, 134 S. Ct. at 760-61 & n.19.

26         With respect to specific personal jurisdiction, the analysis "focuses on the relationship

27

28    ───────────────────
      [1] Notably, Seventh Generation does not cite <u>Daimler</u>, or any cases post-dating <u>Daimler</u>.

United States District Court
Northern District of California

1  among the defendant, the forum, and the litigation." Walden v. Fiore, 134 S. Ct. 1115, 1121

2  (2014).  For the reasons explained in Ambriz v. Coca Cola Company:

> [A] defendant's contacts with the named plaintiff in a class action, without reference to the defendant's contacts with unnamed members of the proposed class, must be sufficient for the Court to exercise specific personal jurisdiction over the defendant.  Simply put, it is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification.

8  No. 13-cv-03539-JST, 2014 WL 296159, at *6 (Jan. 27, 2014) (internal quotation marks omitted).

9  Although Defendant Seventh Generation sells products to putative class members in New York,

10  Plaintiffs Tsan and Wildstein are residents of the Northern District of California and the Southern

11  District of Florida, and their claims are based on their purchases of Seventh Generation products in

12  those districts.  ECF No. 30 at 9.  Because there is no connection between the named Plaintiffs'

13  claims and Defendant's activities in the Southern District of New York, that district could not

14  exercise specific personal jurisdiction over Seventh Generation in this case.

15       The Court concludes that the Southern District of New York is not a district "where [this

16  action] might have been brought" because venue there would be improper.  See 28 U.S.C.

17  § 1404(a).  Accordingly, the motion to transfer venue must be denied.

18                                    **CONCLUSION**

19       For the foregoing reasons, the motion to transfer venue is denied.  The Court sets a case

20  management conference for July 22, 2015 at 2:00 p.m.  A case management statement is due by

21  July 8, 2015.

22       IT IS SO ORDERED.

23  Dated:  June 17, 2015

24

25  _____
                    JON S. TIGAR
26                United States District Judge

27

28

United States District Court
Northern District of California