UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGGIE TSAN, et al.,

           Plaintiffs,

    v.

SEVENTH GENERATION, INC.,

           Defendant.

Case No.  15-cv-00205-JST

**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR JUDICIAL NOTICE, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND DENYING MOTION TO STRIKE**

ECF Nos., 36, 37, 38.

Before the Court is Defendant Seventh Generation, Inc.'s Motion to Strike, Motion to Dismiss Plaintiffs' Complaint, and Request for Judicial Notice.  ECF Nos. 36, 37, 38.  For the reasons stated below, the Court grants in part and denies in part Defendant's Request for Judicial Notice, grants in part and denies in part Defendant's Motion to Dismiss, and denies Defendant's Motion to Strike.

## I.    BACKGROUND

### A.    Factual History

For the purposes of deciding these motions, the Court accepts as true the following factual allegations from Plaintiffs' Complaint.  ECF No. 1.

Defendant Seventh Generation, Inc. ("Seventh Generation") manufactures, markets, and sells cleaning supplies, paper products, and personal care products that are labeled "natural."  Id. ¶ 4-5.  Seventh Generation also markets its products as "natural" on its website.  Id. ¶ 30-31.

Plaintiffs Maggie Tsan and Erica Wildstein purchased the products because they "believed they were natural products."  Id. ¶ 13-14.  Plaintiffs would not have purchased the products if they had known they were not natural.  Id.  ¶¶ 13-14, 50.  During the class period, Plaintiffs purchased such items as Seventh Generation's Natural 2X Concentrated Liquid Laundry Detergent and

Seventh Generation's Natural Dish Liquid.  Id. ¶ 13-14.  These, and 21 other Seventh Generation products, contain the word "natural" on the label.  Id. ¶¶ 19, Ex. 1-23.  Although "natural" is on the label of the products, the products contain non-natural ingredients such as benzisothiazolinone, methylisothiazolinone, laureth-6, sodium lauryl sulfate, lauramine oxide, sodium citrate, glycerin, and sodium hydroxide.  Id. ¶ 33.  A reasonable consumer would not consider products with such ingredients to be "natural."  Id. ¶ 43.

Plaintiffs allege that Defendant labeled the products as "natural" to persuade consumers that the products only contained natural ingredients and that Defendant "profited enormously from its false and misleading marketing."  Id. ¶¶ 45, 50.

**B.     Procedural History**

Plaintiffs commenced this action by filing a complaint on January 14, 2015.  ECF No. 1.  Defendant filed a Motion to Transfer Venue on February 27, 2015, ECF No. 18, and the motion was denied on June 17, 2015.  ECF No. 33.  Defendant filed its Motion to Strike, Motion to Dismiss Plaintiffs' Complaint, and Request for Judicial Notice on July 6, 2015.  ECF. Nos. 36, 37, 38.  Plaintiffs assert the following claims for relief: (1) violation of the Magnuson-Moss Warranty Act; (2) violation of the Consumers Legal Remedies Act, California Civil Code § 1750, et seq.; (3) deceptive advertising, pursuant to California Business & Professions Code § 17500, et seq.; (4) unfair business practices, pursuant to California Business and Professions Code § 17200 et seq.; (5) deceptive advertising, pursuant to Florida Statute § 501.201, et seq.; (6) breach of express warranty.  ECF No. 1.

**C.     Jurisdiction**

Plaintiffs assert, and Defendant does not deny, that Plaintiffs are citizens of the States of California and Florida and Defendant is a citizen of the State of Vermont.  Id. ¶ 1.  The Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there are 100 or more Class Members, at least one Class Member is a citizen of a state diverse from Defendant's citizenship, and the matter in controversy exceeds $5,000,000 exclusive of interest and costs.

United States District Court
Northern District of California

2

## II.    REQUEST FOR JUDICIAL NOTICE

Although a court's review on a motion to dismiss is usually limited to the allegations in the pleadings, there are two exceptions to this general rule.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  First, a court may consider documents on which a complaint "necessarily relies" even if those documents are not physically attached to the pleading document itself.  Id. (citation omitted).  This is known as the "incorporation by reference" doctrine, which allows courts "to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions.'"  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.1999)).  Second, under Federal Rule of Evidence 201, courts may take into account matters of public record, as long as they are not subject to reasonable dispute.  Lee, 250 F.3d at 689.

Seventh Generation requests that the Court take judicial notice of: (1) 7 C.F.R. § 3202.1; (2) 7 C.F.R. § 205.100; (3) the Natural Products Association ("NPA") Standard and Certification for Personal Care Products (available online), for the fact of its existence and not the truth of what it asserts; (4) the NPA Standard and Certification for Home Care Products (available online), for the fact of its existence and not the truth of what it asserts; and (5) the Declaration of Timothy John Fowler authenticating and attaching Exhibits 1-23, which are copies of Seventh Generation's product image files that include the front and back labels corresponding to the exhibits in the complaint.  ECF No. 38 at 2.

Plaintiffs do not oppose the first four of Defendant's requests.  The Court finds 7 C.F.R. § 3202.1 and § 205.100 appropriate for judicial notice as documents in the public record whose accuracy cannot reasonably be questioned.  See Fed. R. Evid. 201.  The Court also finds both NPA Standards and Certifications appropriate for judicial notice because Plaintiffs referred to the NPA for guidance as to what a reasonable consumer may consider "natural," ECF No. 1 ¶ 9, and because the fact that they exist is not subject to reasonable dispute.  See McMahon v. Take-Two Interactive Software, Inc., No. EDCV 13–02032–VAP (SPx), 2014 WL 324008, at *2  (C.D. Cal. Jan. 29, 2014) (noting that  "Courts have found website . . .  articles to be a proper subject for judicial notice where those materials are relied on by a plaintiff or concern facts at issue in a

3

complaint").   Accordingly, the Court grants Defendant's request for judicial notice as to 7 C.F.R. § 3202.1, 7 C.F.R. § 205.100, the NPA Standard and Certification for Personal Care Products, and the NPA Standard and Certification for Home Care Products.

Plaintiffs oppose Seventh Generation's request for judicial notice of Timothy John Fowler's declaration and the accompanying image files of front and back labels.  ECF No. 45 at 1. They question the accuracy of the labels, arguing it is unclear if the Defendant's exhibits represent every label produced by Defendant and contend that there is no indication of the time periods the labels were used.  Id. at 2.  Additionally, Plaintiffs point out that the images Defendant submitted contain the term "proof" and a space for an individual to approve the proof, but that it is unclear whether the proofs were ever approved for use in the marketplace.  Id. at 3.  Finally, they contend that that "the date for the back labels does not correspond to the date on the front labels."  Id. Defendant responds that the images are appropriate for judicial notice under the incorporation by reference doctrine and that they were sufficiently authenticated by the declaration of Seventh Generation Senior Vice President Timothy John Fowler.  ECF No. 50 at 2-4.

The Ninth Circuit has "recognized consistently that the district court may, but is not required to incorporate documents by reference."  Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159 (9th Cir. 2012).  The incorporation by reference doctrine "is a narrow exception aimed at cases interpreting, for example, a contract.  It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment."  Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).   It is true, as Seventh Generation points out, that other courts have sometimes incorporated by reference the backs of food package labels on judicial notice.  See,e.g., Brazil v. Dole Food Co., 935 F. Supp. 2d 947, 962 n.4 (N.D. Cal. 2013) (labels of fruit mixture products named in complaint);  Bruton v. Gerber Products Co., 961 F. Supp. 2d 1062, 1074 n.1 (N.D. Cal. 2013) (more legible versions of baby food product labels referenced in complaint); Gustavson v. Wrigley Sales Co., 961 F.Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (labels for gum and mint products that complaint specifically referenced and quoted). However, a necessary part of the incorporation by reference doctrine is that "no party questions" the "authenticity" of the labels at hand.  Knievel, 393 F.3d at 1076; see also Davis, 691 F.3d at

United States District Court
Northern District of California

1159-60.

Here, Plaintiffs strongly dispute the authenticity of the labels.  ECF No. 45 at 2-3.
Although there is a declaration accompanying the images, the Court nevertheless finds there is
sufficient justification for Plaintiffs to dispute their authenticity.  The images of the backs of the
labels are proofs, contain dates that do not correspond to the front labels offered by Plaintiffs, and
have approval boxes that are not checked.  The Court therefore denies without prejudice
Defendant's request for judicial notice of the declaration of Timothy John Fowler and the
accompanying images.

## III.      MOTION TO DISMISS

Seventh Generation moves to dismiss Plaintiffs' complaint on several grounds:
(1) Plaintiffs fail to allege a plausible theory of deception; (2) Plaintiffs' Magnuson-Moss
Warranty Act ("MMWA") claim fails; (3) Plaintiffs fail to state their claims with specificity; and
(4) Plaintiffs' express warranty claim fails as a matter of law.  ECF No. 37 at i.  The Court
considers these arguments in turn.

### A.      Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the
pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and
the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S.
544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."  Id.  The Court must "accept all factual
allegations in the complaint as true and construe the pleadings in the light most favorable to the
nonmoving party."  Knievel, 393 F.3d at 1072.

Fraud claims are subject to a heightened pleading standard.  "In alleging fraud or mistake,
a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ.
P. 9(b).  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific

enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2011)).  To meet this standard, a "complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'"  <u>Salameh v. Tarsadia Hotel</u>, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011)).

### B.      Plausibility of Plaintiffs' Claims

Claims of false or misleading advertising and unfair business practice are governed by the "reasonable consumer" test.  <u>See</u> <u>Williams v. Gerber</u>, 552 F.3d 934, 938 (9th Cir. 2008); <u>Freeman v. Time, Inc.</u>, 68 F.3d 285, 289 (9th Cir. 1995).  Under this test, Plaintiffs must show that "members of the public are likely to be deceived."[1]  <u>Freeman</u>, 68 F.3d at 289.  California courts have recognized that "whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer."  <u>Williams</u>, 552 F.3d at 938 (internal quotation marks and citations omitted); <u>see also</u>  <u>Asis Internet Servs. v. Subscriberbase Inc.</u>, No. 09-3503 SC, 2010 WL 1267763, at *2 (N.D. Cal. Apr. 1, 2010) (whether a reasonable consumer is likely to be deceived "is clearly a question of fact, which is best left for a jury, unless '[n]o reasonable trier of fact could conclude otherwise.'") (quoting <u>Colgan v. Leatherman Tool Group, Inc.</u>, 135 Cal.App.4th 663, 682, 38 Cal.Rptr.3d 36 (2006)).

It is a "rare situation" when courts ought to grant a motion to dismiss.  <u>Williams</u>, 552 F.3d at 939.  In <u>Freeman</u>, for example, the Ninth Circuit upheld the dismissal of a claim that mailers misleadingly suggested the plaintiff had won a sweepstakes because the mailer explicitly stated

---

[1]  Seventh Generation suggests further defining the reasonable consumer standard as requiring a "probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" ECF No. 37 at 6 (quoting <u>Lavie v. Procter & Gamble Co.</u>, 105 Cal. App. 4th 496, 508 (2003)).  Plaintiffs dispute this definition. ECF No. 47 at 7.  There is no need to resolve the dispute now, however, as the Court concludes that dismissal is not appropriate even under Seventh Generation's definition of the reasonable consumer standard.

United States District Court
Northern District of California

multiple times that he would win only if he had the winning grand prize number.  Freeman, 68 F.3d at 289-90.  This "qualifying language appear[ed] immediately next to the representations it qualifie[d] and no reasonable reader could ignore it."  Id. at 289.

Seventh Generation argues that the present case is the "rare situation" in which the Court may conclude as a matter of law that a reasonable consumer would not be deceived.  It first argues that its use of the word "natural" is not plausibly misleading when read in the context of the other representations on the labels.  ECF No. 37 at 7.  It contends that its product labels sufficiently provide a definition of "natural" because many of them use the USDA's "Certified Biobased" label on the front, and further explain what it means to be "natural" and "Biobased" on the back.  Id. at 9-10.  As for the products that do not have a "Biobased" label, Seventh Generation argues that their labels disclose which ingredients are synthetic in their ingredient panels.  Id. at 11.

As an initial matter, because the Court has denied Defendant's motion for judicial notice regarding its images of back labels, it cannot consider much of the material on which Defendant's argument depends.  Even setting this problem aside, however, the argument is unpersuasive.  It is certainly possible that using a "Biobased" label or an ingredient list sufficiently explains (or disclaims) the word "natural" to a reasonable consumer, but this is an issue that should ultimately be resolved by the factfinder.  The mere presence of such additional information is not enough to dismiss Plaintiffs' claims as a matter of law.  See Williams, 552 F.3d at 939 (stating that manufacturers cannot "mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception").

Next, Seventh Generation argues that Plaintiffs' proposed definition of "natural" as not containing any "synthetic, highly processed, and/or non-natural" ingredients is inherently implausible when applied to its products.  ECF No. 37 at 12.  It argues that "home cleaning and personal care products … plainly 'do not exist in nature' ─ nor resemble any naturally occurring substances ─ but instead are self-evidently processed and manufactured."  Id. at 13 (emphasis removed).  As support, Seventh Generation cites to Pelayo v. Nestle USA, Inc., 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013) and Balser v. Hain Celestial Grp., Inc., No. CV 13-05604-R, 2013 WL 6673617 (C.D. Cal. Dec. 18, 2013).

United States District Court
Northern District of California

1    The Court concludes that neither <u>Balser</u> nor <u>Pelayo</u> is persuasive here.  In <u>Balser</u>, the

2    plaintiffs alleged that the use of "natural" on cosmetics product labels was misleading, and defined

3    natural as "existing in or produced by nature; not artificial."  <u>Balser</u>, 2013 WL 6673617 at *1.  The

4    court found that definition to be implausible given that "shampoos and lotions do not exist in

5    nature, there are no shampoo trees."  <u>Id.</u>  Here, by contrast, Plaintiffs' definition relies on the

6    synthetic or processed nature of the ingredients in the products.  A factfinder may ultimately find

7    that a reasonable consumer would not define "natural" as Plaintiff does, but that is not for the

8    Court to resolve on the pleadings alone.

9    In <u>Pelayo</u>, the district court rejected several definitions of "natural" offered by plaintiffs in

10   part based on a report by the Federal Trade Commission ("FTC") that "declined to adopt a

11   definition of 'natural'" because the word "may be used in numerous contexts and may convey

12   different meanings depending on that context."  <u>Pelayo</u>, 98 F. Supp. 2d at 979.  <u>Pelayo</u>'s reasoning

13   has been heavily criticized by other courts.  <u>See, e.g.</u>, <u>Garcia v. Kashi Co.</u>, 43 F. Supp. 3d 1359,

14   1384-85 (S.D. Fla. 2014) (noting that "no subsequent case has adopted <u>Pelayo</u>'s position" and

15   declining to do so); <u>Surzyn v. Diamond Foods, Inc.</u>, No. C 14-0136 SBA, 2014 WL 2212216 at *3

16   (N.D. Cal. May 28, 2014) (stating the FTC's analysis, "rather than justifying the <u>Pelayo</u> court's

17   dismissal . . . support[s] the conclusion that the question . . . must be resolved based on

18   consideration of evidence—and not at the pleading stage"); <u>Jou v. Kimberly-Clark Corp.</u>, No. C-

19   13-03075 JSC, 2013 WL 6491158 at *8 (N.D. Cal. Dec. 10, 2013) (stating the <u>Pelayo</u> holding "is

20   at odds with basic logic, contradicts the FTC statement on which it relies, and appears in conflict

21   with the holdings of many other courts, including the Ninth Circuit").  The Court agrees with these

22   criticisms and declines to adopt the reasoning in <u>Pelayo</u>.

23   Last, Defendant argues Plaintiffs' citation to the USDA and NPA definitions of "organic"

24   and natural" are not helpful and may even be misleading because they apply to food products and

25   not cleaning products.  ECF No. 37 at 14.  However, Plaintiffs look to USDA and NPA sources

26   only for guidance as to what reasonable consumers would consider natural, ECF No. 1 ¶ 8-9, and

27   allege that a reasonable consumer would consider products labeled "natural" to be free of

28   "synthetic, highly processed, and/or non-natural ingredients."  <u>Id.</u> ¶ 13-14.  Furthermore, Plaintiffs

need not allege that "every consumer shares the same definition of 'natural,'" only that "a reasonable consumer — regardless of the precise definition of natural to which that consumer adheres — could . . . be misled" by the use of "natural" on Defendant's labels.  <u>Garrison v. Whole Foods Market Grp., Inc.</u>, No. 13–cv–05222–VC, 2014 WL 2451290, at *2 (N.D. Cal. June 2, 2014).

Accordingly, the Court finds that Plaintiffs allege with sufficient plausibility that a reasonable consumer is likely to be deceived by the term "natural," and denies the motion to dismiss on these grounds.

### C.   Magnuson-Moss Warranty Act

Defendant seeks dismissal of Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claim, arguing that their products are not "defective" even if they are incorrectly labeled as "natural." ECF No. 37 at 19.  Plaintiffs do not oppose this claim and voluntarily agree to dismiss their MMWA claims without prejudice.  ECF No. 47 at 4 n.2.  Accordingly, the Court grants Defendant's motion to dismiss without prejudice Plaintiff's MMWA claim and nationwide class allegations based upon that claim.

### D.   Specificity of the Pleadings

Defendant argues that Plaintiffs have failed to state their claims with the required specificity under Federal Rule of Civil Procedure 8(a)(2), as well as the heightened particularity necessary for claims related to fraud under Federal Rule of Civil Procedure 9(b).   ECF No. 37 at 22.

#### 1.   Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); ECF No. 37 at 5.  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2011)).  To meet this standard, a "complaint must 'identify the who, what, when, where, and how of the

misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)).  Plaintiffs do not dispute that Rule 9(b) governs their claims.

Here, Plaintiffs specify which of Seventh Generation's product labels contained misrepresentations, attach photograph exhibits of the challenged labels to the complaint, and include links and quotes from Defendant's website.  See ECF No. 1.  Plaintiffs also clearly describe how Seventh Generation's use of the word "natural" was allegedly misleading.  Id. at ¶ 5.  Plaintiffs state that they each purchased Defendant's products, in reliance on the truthfulness of the "natural" labels, during the class period.[2]  Id. at ¶ 13-14.  Plaintiff Erica Wildstein specifies that she purchased the products at two retailers and their locations.  Id. at ¶ 14.  These statements are sufficient to establish "the who, what, when, where, and how of the misconduct charged" so that Defendant has sufficient notice to defend against this suit.  Salameh, 726 F.3d at 1133.  Accordingly, Defendant's motion to dismiss on Fed. R. Civ. P. 9(b) grounds is denied.

### 2.    Rule 8(a)(2)

Both parties agree Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555.  Because the Court has found that the higher pleading standard of 9(b) has been met, the more lenient 8(a)(2) standard is also met.  Defendant's motion to dismiss on Fed. R. Civ. P. 8(a)(2) grounds is denied.

### E.    Breach of Warranty

"[T]o prevail on a breach of express warranty claim, the plaintiff must prove (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods;

---

[2] Defendant argues "during the class period" does not give an indication of when Plaintiffs first purchased the products.  ECF No. 37 at 22.  Therefore, Defendant argues, the statute of limitations for Plaintiffs' CLRA and FAL claims may have already passed.  Id.  However, the Court finds Plaintiffs' assertion is specific enough to survive a motion to dismiss.  See Janney v. Mills, 944 F.Supp. 2d 806, 817 (N.D. Cal. 2013) (denying dismissal when plaintiffs alleged they purchased defendant's products "during the class period").

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."

2    Weinstat v. Dentsply Int'l., Inc., 180 Cal. App. 4th 1213, 1227 (2010) (internal quotation marks

3    and citation omitted).  Relying on their arguments regarding Plaintiffs' false advertising and unfair

4    business practice claims, Defendant argues that Plaintiffs have not met the reasonable consumer

5    standard and therefore have failed to "identify statements 'amounting to an affirmation of fact or

6    promise' which could constitute an express warranty on which a reasonable consumer could

7    rely.'"  ECF No. 37 at 24 (quoting Long v. Graco Children's Prods. Inc., No. 13–cv–01257–

8    WHO, 2013 WL 4655763, at *11 (N.D. Cal. Aug. 26, 2013)).

9         The Court has already rejected the contention that Plaintiffs' allegations do not plausibly

10   meet the reasonable consumer standard as a matter of law.  Plaintiffs allege that the use of the

11   word "natural" in Defendant's labeling "constitute express warranties and became part of the basis

12   of the bargain between Plaintiffs and the Multi-State Class members . . . and Defendant."  ECF

13   No. 1 ¶ 93.  Plaintiffs further allege that Defendant breached its duty because the products were

14   not "natural."  Id. ¶ 96.  These allegations are sufficient to state a claim for breach of express

15   warranty.  See Garrison v. Whole Foods Market Grp., Inc., No. 13–cv–05222–VC, 2014 WL

16   2451290, at *6 (N.D. Cal. June 2, 2014).  Accordingly, Defendant's motion to dismiss Plaintiffs'

17   breach of warranty claim is denied.

18            **F.        Punitive Damages Under the Consumer Legal Remedies Act**

19        The parties agree that to sustain an action for punitive damages under the CLRA Plaintiffs

20   must allege facts sufficient to show that the Defendant is guilty "of oppression, fraud, or malice."

21   Cal. Civ. Code § 3294(a).  "'Malice' means conduct which is intended by the defendant to cause

22   injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and

23   conscious disregard of the rights or safety of others."  Cal. Civ. Code § 3294(c)(1).  "'Fraud'

24   means an intentional misrepresentation, deceit, or concealment of a material fact known to the

25   defendant with the intention on the part of the defendant of thereby depriving a person of property

26   or legal rights or otherwise causing injury."  Cal. Civ. Code § 3294(c)(3).[3]  For punitive damages,

27

28   _____

[3] Plaintiffs do not argue Defendants are guilty of oppression.  ECF No. 49 at 7.

1    Plaintiffs only need to allege one of the three elements.  Allen v. Hyland's Inc., No. CV 12–01150

2    DMG (MANx), 2013 WL 1748408, at *2 (C.D. Cal. Apr. 11, 2013).

3            Defendant argues that Plaintiffs failed to allege that Defendant acted maliciously.  ECF

4    No. 37 at 23.  However, Plaintiffs state in their complaint that "Defendant knew, or reasonably

5    should have known, that its representations concerning the Products are untrue and misleading,

6    since they [sic] know how the Products and their ingredients are manufactured."  ECF No. 1 ¶ 72.

7    This is sufficient to allege malice.  See Allen, 2013 WL 1748408, at *2 ("merely alleging that

8    Defendants knew or should have known all along that their products do not work because they

9    contain no active ingredient serves to adequately plead malice.").

10           Defendant also argues that Plaintiffs failed to allege that Defendant acted with the intent to

11   deceive.  ECF No. 37 at 23.  It contends that its representations on its website that certain

12   ingredients are synthetic undermine any claim of intent to defraud or injure.  Id. at 23-24.

13   However, Plaintiffs allege that Defendant had the "intent to create consumer belief that the

14   Products are 'natural.'"  ECF No. 1 ¶ 32.  Additionally, Plaintiffs allege that they purchased

15   Defendant's products because of the "natural" label and that they paid premium prices for those

16   products.  Id. ¶ 50.  Finally, Plaintiffs allege "Defendant knew, or reasonably should have known,

17   that its representations concerning the Products are untrue and misleading."  Id. ¶ 72.  Therefore,

18   Plaintiffs have sufficiently pleaded fraud.

19   **IV.    MOTION TO STRIKE**

20           Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading . . .

21   any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The

22   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

23   from litigating spurious issues by dispensing with those issues prior to trial . . ."  Whittlestone, Inc.

24   v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citation

25   omitted).  Motions to strike are generally disfavored, and should typically be denied "unless it is

26   clear that the matter sought to be stricken could have no possible bearing on the subject matter of

27   the litigation."  Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

28   "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the

United States District Court
Northern District of California

12

United States District Court
Northern District of California

1   motion to strike." In re Wal–Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 614

2   (N.D. Cal. 2007).

3         Seventh Generation requests that the Court strike four elements from Plaintiffs' complaint.

4   First, it asks the Court to strike allegations concerning USDA regulations because the USDA

5   regulations apply only to agricultural and meat products.  ECF No. 36 at 4.  Second, it requests

6   that the Court strike information referring to standards from the Natural Products Association

7   ("NPA") because the NPA is a private industry group, not a regulatory body.  Id. at 4-5.  Third, it

8   requests that the Court strike citations to the Environmental Digest published by the National

9   Advertising Division ("NAD") of the Advertising Self-Regulatory Council, arguing that the NAD

10  did not sufficiently explain how it reached the findings cited by Plaintiffs.  Id. at 5.  Last, it asks

11  the Court to strike the references to third-party websites and other documents because they have

12  no "specific connection to Seventh Generation."  Id. at 6-7.

13        The Court disagrees with Seventh Generation.  These sources provide information as to

14  what the word "natural" may mean to consumers as well as the ingredients that may be in

15  Defendant's products.  This information is clearly at least material to the question of how a

16  reasonable consumer would interpret the word "natural" on Defendant's product labels.  The

17  motion to strike is therefore denied.

                                    **CONCLUSION**

19        For the reasons explained above, the request for judicial notice is granted in part and

20  denied without prejudice in part. The motion to dismiss is granted in regards to Plaintiffs' MMWA

21  claims and denied in regards to all other claims. The motion to strike is denied.

22        IT IS SO ORDERED.

23  Dated:  November 3, 2015

24

25  _____

26                        JON S. TIGAR
                   United States District Judge

27

28

                                         13